UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| JENNIFER DECKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 04-20-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| MURPHY OIL, USA, INC. and GAYLE ) | **AND ORDER** |
| SLAGLE, ) | |
| ) | |
| Defendants. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Decker's motion *in liminie* to exclude testimony and evidence regarding her recent conviction for shoplifting. [Record No. 55] Decker claims that this evidence is prejudicial and should be excluded at trial under the Federal Rules of Evidence. Conversely, Murphy Oil, USA, Inc. and Slagle (collectively, "Murphy Oil") claim that the evidence is admissible, given the nature of the claim (slander) and the damages sought for future embarrassment.[1] For the reasons discussed herein, the Court will deny the motion.

## BACKGROUND

Decker claims that in December 2002, Slagle accused her of stealing from Murphy Oil. She claims that these accusations were untrue and upset her to the point that she felt compelled to resign. Thereafter, Decker filed suit against Murphy Oil, asserting claims of slander and wrongful termination.

---

[1] During the pretrial conference, Decker agreed to forgo her right to file a reply in order to expedite a ruling on this issue.

On May 4, 2005, Decker was charged with shoplifting from a Wal-Mart store located in Monticello, Kentucky. On May 25, 2005, she entered a guilty plea to the charge. Her conviction was printed in the local paper. Murphy Oil seeks to admit the fact of Decker's shoplifting conviction during the upcoming trial. It argues that such evidence is relevant to Decker's claim for future damages for emotional distress.

## DISCUSSION

Decker argues that evidence relating to her May 2005 shoplifting conviction is barred by Rules 403, 404, and 609 of the Federal Rules of Evidence. However, Murphy Oil asserts that Decker's recent conviction is admissible under Rules 401, 402 and 405. As a starting point, the Court notes that all relevant evidence is admissible, unless excluded by the Rules. Fed. R. Evid. 402. If the relevancy of evidence is substantially outweighed by, *inter alia*, unfair prejudice or confusion of the issues, such evidence *may* be excluded. Fed. R. Evid. 403. Further, proof of prior crimes or wrongs is generally inadmissible "in order to show action in conformity therewith," except to show, *inter alia*, proof of motive, opportunity, or intent. Fed. R. Evid. 404(b).

Rule 405(b), however, provides that "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct." Fed. R. Evid. 405(b). By filing a defamation action, Decker has placed her credibility "in issue," as provided for in Rule 405(b). *Schafer v. Time Inc.*, 142 F.3d 1361, 1371-72 (11th Cir. 1998); *Government of Virgin Islands v. Grant*, 775

F.2d 508, 511 (3d Cir. 1985); *Rice v. Rose & Atkinson*, 176 F. Supp. 2d 585, 594 & n.8 (S.D.W.V. 2001); *Longmire v. Alabama State Univ.*, 151 F.R.D. 414, 419 (M.D. Ala. 1992).

In *Schafer*, the Eleventh Circuit addressed a similar issue. There, the plaintiff brought a defamation action against *Time* magazine. During trial, the district court permitted Time to question the plaintiff regarding "a prior felony conviction, a possible violation of his subsequent parole, convictions for driving under the influence, an arrest for writing a bad check, failure to file tax returns, [and] failure to pay alimony and child support . . . ." *Schafer*, 142 F.3d at 1371. Concluding that a defamation claim makes character an "essential element" of the case, the court upheld the district court's admission of the other criminal acts evidence, pursuant to Rule 405(b). *Id*. at 1371-72.

As to the interplay of the two rules, it should be observed that introduction of evidence pursuant to Rule 405 provides a distinct avenue for admitting Decker's previous conduct, without relying upon Rule 404(b). *See United States v. Roper*, 135 F.3d 430, 431-33 (6th Cir. 1998) (use of evidence pursuant to Rule 405(a) does not implicate Rule 404(b)); *see also United States v. Murzyn*, 631 F.2d 525, 528 n.2 (7th Cir. 1980) (read 404(b) in conjunction with 405(b) and concluded that one of the "other purposes" listed in 404(b) includes evidence of a character or trait that is an essential element of the charge, claim or defense). Thus, Murphy Oil may seek to introduce during trial specific instances of Decker's conduct in this slander suit.

Next, Decker maintains that a shoplifting conviction is not a crime involving dishonesty or false statement, as specified in Rule 609(a)(2), citing *United States v. Scisney*, 885 F.2d 325 (6th Cir. 1989). "Without intending to bind future courts on this general issue," the Sixth Circuit

held that the criminal defendant's prior shoplifting conviction was not admissible pursuant to Rule 609(a)(2). Murphy Oil notes, however, that it is not intending use the evidence to prove "action in conformity therewith," pursuant to Rule 609(a)(2). Instead, it seeks to use the evidence to reduce Decker's claimed damages. Because she seeks forward-looking damages for the damage to her reputation, Murphy Oil seeks to prove that the shoplifting conviction will be responsible for most of her future emotional damages. Again, the Court notes that admission of evidence pursuant to Rule 609 is separate from admission pursuant to Rule 405. *See Hickson Corp. v. Norfolk S. Ry. Co.*, 124 Fed. Appx. 336, 343 (6th Cir. 2005) ("any admission under Rule 609 was harmless because the evidence could have come in alternatively under Federal Rule of Evidence 405. Under Rule 405, once a party 'opens the door' to reputation or character evidence on direct examination, inquiry is allowed into 'relevant specific instances of conduct . . . .'"). Thus, Rule 609 does not bar admission of evidence otherwise admissible under Rule 405.

Finally, the Court must determine whether this evidence meets the requirements of Rule 403. The evidence is clearly relevant to Decker's claimed future emotional damages. [*See* Compl. at Count Ten.] Decker claims, however, that such evidence may: (1) unfairly cause the jury to conclude that her later shoplifting conviction makes it unlikely that Murphy Oil slandered her by calling her a thief; and (2) may confuse the issues (the earlier allegations of theft at Murphy Oil and the later conviction for shoplifting at Wal-Mart) for the jury. The Court does not believe that such fears "substantially outweigh" the significant probative value of the evidence. Through jury instructions, admonitions from the Court (if requested), and clarification from Decker's counsel, the Court is confident that the jury will be able to use the shoplifting

conviction for purposes of considering what, if any, damage resulted from Murphy Oil's alleged acts, as provided for in Rule 405(b).

Inasmuch as this issue is being examined prior to trial, it should be noted that the Court's analysis may change depending upon the testimony and evidence presented during trial.

## CONCLUSION

Accordingly, for the reasons discussed herein, it is hereby

**ORDERED** that Decker's motion to exclude evidence regarding her prior conviction [Record No. 55] is **DENIED**, without prejudice.

This 30th day of June, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge